FILED
December 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003158272

DAVID M. MEEGAN (State Bar No. 114549)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for Creditor
SILVERSWORD PROPERTIES, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

[Sacramento Division]

| | |
|---|---|
| In re:<br><br>ROCKLIN FAMILY ENTERTAINMENT, LLC,<br><br>    Debtor in Possession. | Case No. 10-51840-A-11<br><br>DC No. TF-1<br><br>Date: January 14, 2011<br>Time: 10:00 a.m.<br>Dept: A   Crtrm: 28<br><br>Judge: Hon. Michael S. McManus |

**JOINDER OF LANDLORD SILVERSWORD PROPERTIES, LLC,
IN MOTION TO CONVERT TO CHAPTER 7 CASE OR ALTERNATIVELY,
TO DISMISS FILED BY TL MEADOWS, LLC
(Docket Control No. TF-1)**

Silversword Properties, LLC ("Silversword") is the landlord of the premises known as 5681 Lonetree Boulevard, Rocklin, California ("Leased Premises") from which the debtor operates its bowling facility. As is stated on page 3 of the memorandum of points and authorities in support of the Motion to Convert to Chapter 7 Case or Alternatively, to Dismiss Filed by TL Meadows, LLC ("Motion"), and supported by portions of Kelvin Moss's declaration, Silversword is owed at least $1,624,922.08 in past due pre-petition lease obligations. In addition, the debtor has not yet made any post-petition rental payments; nor does Silversword believe the debtor is likely to do so.

Pursuant to Section 365(b)(1), if there has been a default in an unexpired lease of the debtor in possession, the debtor in possession cannot assume the lease unless at the time of the assumption the debtor in possession cures, or provides adequate assurance that the debtor in possession will promptly cure, the default and, among other things, provide adequate assurance of future performance under the lease. 11 U.S.C. Section 365(d)(4)(A) gives the debtor in possession the earlier of (a) 120 days after the order for relief, or (b) entry of an order confirming the plan, to assume a lease and that time period can be extended for cause. There is no way this debtor could possibly cure lease arrearages of this magnitude. Therefore, the debtor will not be able to assume the Silversword lease.

Simply put, there is nothing to reorganize in this case and the case should be dismissed. Conversion to Chapter 7 will serve little purpose, since it appears there will be minimal unencumbered assets to liquidate for the benefit of unsecured creditors.

WHEREFORE, Silversword asks that this Court dismiss this bankruptcy case.

Respectfully submitted,

**MEEGAN, HANSCHU & KASSENBROCK**

DATED: 12/21/10

By: _____
DAVID M. MEEGAN
Attorneys for Silversword Properties, LLC